UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GETTY PETROLEUM MARKETING INC.,

        *Plaintiff*,

        -against-

NEW ATLANTIS ACQUISITION I LLC,
ATLANTIS PETROLEUM, LLC, and FIRST
AMERICAN TITLE INSURANCE
COMPANY,

        *Defendants*.
------------------------------------------------------------X

08 CV 6176 (JGK)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Bradley L. Mitchell, Esq.
STEVENS & LEE, P.C.
485 Madison Avenue – 20th Floor
New York, New York 10022
Tel. (212) 319-8500
blm@stevenslee.com

- and –

Joseph E. Wolfson, Esq.
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406
Tel. (610) 205-6000
jwo@stevenslee.com

*Attorneys for Defendants*
*New Atlantis Acquisition I LLC*
*and Atlantis Petroleum, LLC*

SL1 831689v3/103184.00001

New Atlantis Acquisition I LLC ("New Atlantis" or "Purchaser") and Atlantis Petroleum, LLC ("Atlantis") (collectively, at times, "Movants"), by their counsel, Stevens & Lee, P.C., hereby submit this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by Getty Petroleum Marketing Inc. ("Getty" or "Seller") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

I.   **INTRODUCTION**

Because both Defendant New Atlantis, a limited liability company with members who are citizens of New York, and Plaintiff Getty, a corporation with a principal place of business in New York, are citizens of New York for purposes of determining federal diversity jurisdiction under 28 U.S.C. § 1332, there is not complete diversity of citizenship in this case and the Court should dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

II.  **RELEVANT FACTS REGARDING DIVERSITY JURISDICTION**

On July 7, 2008, Getty filed its Complaint in which it seeks a declaratory judgment and asserts federal court jurisdiction based solely on the federal diversity jurisdiction statute, 28 U.S.C. § 1332.[1]

Specifically with respect to federal jurisdiction and the parties' states of citizenship, Getty alleges in its Complaint as follows:

---

[1] The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent cause of action or confer federal subject matter jurisdiction where it does not already exist. *See In re Joint Eastern & Southern District Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). Federal court jurisdiction over this case, therefore, must be based solely on diversity of citizenship.

1

>    9. Getty is a corporation duly organized and existing under the laws of the State of Maryland and having a principal place of business in the State of New York.
>
>    10. Upon information and belief, Defendant Atlantis is a limited liability company existing under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.
>
>    11. Upon information and belief, Defendant New Atlantis is a joint venture between Defendant Atlantis and non-party Brentwood Capital Partners, a private equity firm operating as a Delaware limited liability company. Upon information and belief, Defendant New Atlantis was created solely for the purpose of consummating the Transaction, and is a limited liability company existing under the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania.
>
>    12. Upon information and belief, Defendant First American is a corporation duly organized and existing under the laws of the State of California and having its principal place of business in the State of California.

Complaint [ECF Docket Entry 1] ("Compl."), ¶¶ 9-12.

In its Complaint, Getty sets forth no allegations with respect to the membership of Atlantis or New Atlantis, nor any allegations as to the citizenship of Atlantis' or New Atlantis' members. (*See id.*)

### III. LEGAL STANDARD

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court may consider matters outside the pleadings, such as affidavits, documents and testimony. *Burrell v. State Farm Fire & Cas. Co.*, No. 00 CIV. 5733 (JGK), 2001 WL 797461, at *2 (S.D.N.Y. July 12, 2001) (Koeltl, J.) (citing *Antares Aircraft v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). Thus, the standard used to evaluate a Rule

12(b)(1) motion is similar to that for summary judgment under Rule 56. *Id.* (citing *Kamen*, 791 F.2d at 1011). The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the Court possesses subject matter jurisdiction over the action. *Id.* (citing, among others, *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) and *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983)).

The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). "It has long been settled that diversity jurisdiction under Section 1332 requires 'complete diversity' between all plaintiffs and defendants in an action." *Phoenix Four, Inc. v. Strategic Resources Corp.*, 446 F. Supp. 2d 205, 212 (S.D.N.Y. 2006) (Baer, J.) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). "Therefore, in a case with multiple defendants, if a single defendant is from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action." *Id.* (citing *Exxon Mobil*, 545 U.S. 546). To determine whether diversity exists, the citizenship of the parties is examined as of the commencement of the action. *Id.* (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004)).

For purposes of federal diversity jurisdiction, it is "irrelevant" where a limited liability company is organized or where it maintains its principal place of business. *Mackason v. Diamond Financial LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (Haight, J.). *See RJM Aviation Assocs., Inc. v. GP Aviation Servs., LLC*, No. 3:06-CV-2007 (CFD), 2008 WL 918538, at *1 n.2 (D. Conn. Mar. 28, 2008) ("The citizenship of an LLC is determined by the citizenship of its members and not the state in which the LLC is registered or has its principal place of business."). Rather, for diversity purposes, "the citizenship of a limited liability company

3

('LLC') ***depends upon the citizenship of its members***." *Mackason*, 347 F. Supp. 2d at 55 (emphasis added) (citing *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000)).

More specifically, "a limited liability company has the citizenship of its ***entire*** membership." *U.S.A. Seafood, L.L.C. v. Koo*, No. 97-CV-1687, 1998 WL 765160, at *1 (N.D.N.Y. Oct. 30, 1998) (emphasis added) (citing authority). *See Ferrara Bakery & Café, Inc. v. Colavita Pasta & Olive Oil Corp.*, No. 98 CIV. 4344 (LAP), 1999 WL 135234, at *2 (S.D.N.Y. Mar. 12, 1999) (Preska, J.) (holding that "the citizenship of an LLC for diversity purposes is to be based on the citizenship of its entire membership."); *Inarco Int'l Bank N.V. v. Lazard Freres & Co.*, No. 97 Civ. 0378 (DAB), 1998 WL 427618, at *2 (S.D.N.Y. July 29, 1998) (Batts, J.) ("[T]he citizenship of a limited liability company is the citizenship of all its members."); *N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortgage Corp.*, No. 1:07-CV-790 (GLS/RFT), 2007 WL 4324109, at *1 (N.D.N.Y. Dec. 7, 2007) ("The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes. Rather, an LLC is a citizen of every state in which its members are citizens.").

As such, an LLC is a citizen of every state of which its members are citizens. *N.K.T. Land Acquisitions,* 2007 WL 4324109, at *1. The same holds true for limited partnerships and other unincorporated associations. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that limited partnerships have the citizenship of each of its general and limited partners).

Where a complaint contains allegations only as to a limited liability company's state of organization or state in which it maintains its principal place of business, its jurisdictional

4

allegations are insufficient to confer federal diversity jurisdiction. *See Efam Enters., LLC v. Travelers Indem. Co. of Am., Inc.*, No. 02 Civ. 3854 (LAK), 2002 WL 1148830, at *1 (S.D.N.Y. May 29, 2002) (Kaplan, J.) (remanding case to state court because defendant's allegation as to plaintiff limited liability company's principal place of business was "not a sufficient allegation of the citizenship of the plaintiff") (citing authority).

"If a member [of an LLC] is itself an LLC, its members will determine its citizenship, which will in turn determine the citizenship of the LLC of which it is a member." *Brady v. Chrysler Group*, No. 07-14394-CIV, 2008 WL 1957988, at *1 (S.D. Fla. May 5, 2008) (citing *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, ***and, if those members have members, the citizenship of those members as well***.") (emphasis added)). *See South Pittsburgh, LLC v. State Industries, Inc.*, Civ. A. No. 05-1504, 2006 WL 1266517, at *1 (W.D. Pa. May 2, 2006) (concluding that case should be remanded to state court because defendants did not adequately demonstrate federal diversity jurisdiction because the removing defendants did not provide information as to the limited partners of a partnership that was member of a limited liability company that was member of a limited liability company that was a member of the plaintiff limited liability company);[2] *Tri-County Metropolitan Transportation District of Oregon v. Butler Block, LLC*, Civ. No. 08-259-AA, 2008 WL 2037306, at *1 (D. Or. May 7, 2008) (dismissing case for lack of complete diversity of citizenship because plaintiff was citizen of same state as member of a limited

---

[2] In concluding that the case should be remanded, the court explained that "the Defendants have submitted affidavits demonstrating that: the Plaintiff LLC's sole member is Continental Communities, LLC; said LLC consists of two members, Nationwide Reality Investors, Ltd. ('Nationwide') and Hallmark Investors, Ltd. ('Hallmark'), both of which are Ohio LLCs; Nationwide's two members are corporations that are citizens of Ohio; and Hallmark's members are two partnerships whose general partners are citizens of Ohio. . . . Were this the end of the story, diversity of citizenship would be preserved. . . . The problem, however, is the 'several *limited* partners' of the Hallmark partnerships. . . . The court has no information regarding the citizenship of these limited partners, and they do count for the purposes of diversity jurisdiction." *Id.*

5

liability company that was a member of the defendant limited liability company).[3] *See also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (where trust was member of limited liability company, looking to the citizenship of trustee to determine citizenship of trust and, in turn, citizenship of the limited liability company).

Thus, in order to adequately allege federal diversity jurisdiction, a plaintiff (or removing defendant) must identify the citizenship of each of the members of a defendant (or party) limited liability company, and, if a member of the defendant (or party) limited liability company is itself a limited liability company or unincorporated association, the plaintiff (or removing defendant) must identify the citizenship of each member of the member limited liability company or unincorporated association as well. *See Thomas*, 487 F.3d at 534; *South Pittsburgh, LLC*, 2006 WL 1266517, at *1.

### IV. ARGUMENT

In the present case, Getty has failed to sufficiently allege federal diversity jurisdiction. This is so for two reasons.

First, Getty's allegations only address Atlantis' and New Atlantis' states of organization and principal places of business, facts which, when concerning limited liability companies such as Atlantis and New Atlantis, are "irrelevant" for purposes of establishing federal diversity jurisdiction. *See N.K.T. Land Acquisitions,* 2007 WL 4324109, at *1 ("The state of an LLC's organization and principal place of business is irrelevant in determining citizenship for diversity

---

[3] In dismissing the case for lack of diversity jurisdiction, the court stated that "Defendant, Butler Block, LLC, is a Delaware limited liability company comprised of two members: M. David Paul Ventures, LLC ('Ventures') and SIP Management, LLC ('SIP Management'). Ventures is a California limited liability company. . . . SIP Management, however, is an Oregon limited liability company, and its sole member, Matt Sloan, is an Oregon resident. . . . The Ninth Circuit holds that 'an LLC is a citizen of every state of which its owners/members are citizens.' Therefore, . . . complete diversity does not exist between the parties because both plaintiff[, a corporation organized under Oregon law,] and defendant are citizens of Oregon." *Id.*

purposes."). Getty wholly fails to include any allegations as to the membership of Atlantis or New Atlantis, let alone the citizenship of Atlantis' and New Atlantis' members. As such, Getty's Complaint is deficient and fails to confer federal diversity jurisdiction upon this Court. *See Thomas*, 487 F.3d at 534; *South Pittsburgh, LLC*, 2006 WL 1266517, at *1.

Second, and more importantly, Getty *cannot* allege complete diversity of citizenship in this case because New Atlantis and Getty are both citizens of the State of New York.[4]

As demonstrated by the affidavit submitted in support of Movants' motion to dismiss, New Atlantis is a limited liability company with two members – Atlantis and BCP-Atlantis I LLC ("BCP-Atlantis I"). Affidavit of Jason Tarbart, Senior Vice President, East Coast, BCP Management, Inc., in Support of Motion to Dismiss Complaint ("Tarbart Aff."), ¶ 4. New Atlantis is, therefore, a citizen of every state of which Atlantis and BCP-Atlantis I are citizens. *Mackason*, 347 F. Supp. 2d at 55; *N.K.T. Land Acquisitions,* 2007 WL 4324109, at *1.

Atlantis is a single member limited liability company. (Tarbart Aff., ¶ 5.) Its lone member is an individual who is a citizen of the State of Pennsylvania. (*Id.*) As such, Atlantis is a citizen of Pennsylvania for purposes of federal diversity jurisdiction.

BCP-Atlantis I, also a limited liability company, is, as explained above, a citizen of each and every state of which its members are citizens. *Mackason*, 347 F. Supp. 2d at 55; *N.K.T. Land Acquisitions,* 2007 WL 4324109, at *1. BCP-Atlantis I has, at the present time, only one member, BCP II, LP ("BCP II"). (Tarbart Aff., ¶ 6.)

As a limited partnership, BCP II is a citizen of every state of which its general and limited partners are citizens. *Carden*, 494 U.S. at 195-96; *Handelsman*, 213 F.3d at 51-52.

---

[4] Under 28 U.S.C. § 1332(c)(1), for purposes of diversity jurisdiction, a corporation such as Getty "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Thus, Getty is a citizen of both Maryland and New York. (*See* Compl. ¶ 9.)

7

As demonstrated by the affidavit of Jason Tarbart, BCP II has a limited partner, Michael Mazzei, who is a citizen of the State of New York. (Tarbart Aff., ¶ 8.) As such, BCP II is a citizen of New York for purposes of determining federal diversity jurisdiction. *See Carden*, 494 U.S. at 195-96; *Handelsman*, 213 F.3d at 51-52.

Because BCP II is a member of BCP-Atlantis I, BCP-Atlantis I is perforce a citizen of New York.

Furthermore, it follows that because BCP-Atlantis I is a member of New Atlantis, New Atlantis is also a citizen of New York for purposes of determining federal diversity jurisdiction.

Therefore, both Defendant New Atlantis and Plaintiff Getty, which maintains its principal place of business in New York (*see* Compl., ¶ 9), are citizens of New York. Thus, there is not complete diversity of citizenship in this case.

Accordingly, federal diversity jurisdiction under 28 U.S.C. § 1332(a) is not present and the Court should dismiss Getty's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

SL1 831689v3/103184.00001

## V. CONCLUSION

For the reasons stated above, the Court should grant Movants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and dismiss Getty's Complaint in its entirety.

Respectfully, submitted,

Dated: July 31, 2008

*s/ Bradley L. Mitchell*
Bradley L. Mitchell
STEVENS & LEE, P.C.
485 Madison Avenue – 20th Floor
New York, New York 10022
Tel. (212) 319-8500
blm@stevenslee.com

- and –

Joseph E. Wolfson, Esq.
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406
Tel. (610) 205-6000
jwo@stevenslee.com

*Attorneys for Defendants*
*New Atlantis Acquisition I LLC*
*and Atlantis Petroleum, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GETTY PETROLEUM MARKETING INC.,

        *Plaintiff*,

        -against-

NEW ATLANTIS ACQUISITION I LLC,
ATLANTIS PETROLEUM, LLC, and FIRST
AMERICAN TITLE INSURANCE
COMPANY,

        *Defendants*.
------------------------------------------------------------X

08 CV 6176 (JGK)

ATTORNEY'S AFFIRMATION
OF SERVICE

      BRADLEY L. MITCHELL, an attorney admitted to practice in the Southern District of New York and a member of the law firm of Stevens & Lee, counsel for Defendants New Atlantis Acquisition I LLC and Atlantis Petroleum, LLC ("Moving Defendants"), affirms as follows:

    1.    I am over the age of eighteen years and not a party to this action.

    2.    That on the 31st day of July, 2008, the Moving Defendants' Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure was served upon the following counsel of record via the ECF filing system maintained by the Southern District of New York, and via Federal Express next business day delivery, addressed as follows, said address being the last address identified by this counsel in papers filed in connection with this action:

        Robert A. Johnson, Esq.
        Christopher T. Schulten, Esq.
        AKIN GUMP STRAUSS HAUER & FELD LLP
        590 Madison Avenue
        New York, New York 10022
        (212) 872-1000
        *Attorneys for Plaintiff*

Dated: July 31, 2008        s/ Bradley L. Mitchell
                                        Bradley L. Mitchell